IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) | |
| GLENN A. MCCANDLISS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 807 |
| ) | |
| BATUR SEKENDUR and ORAL SEKENDUR, ) | |
| ) | |
| DefendantS. ) | |

MEMORANDUM OPINION AND ORDER
AS TO COURT'S DETERMINATION OF DAMAGES

JAMES F. HOLDERMAN, Chief Judge:

On February 20, 2007, this court after a multi-day bench trial found defendants Batur and Oral Sekendur jointly and severally liable to the Relator Glenn A. McCandliss ("Relator") on behalf of the United States ("Government") under the False Claims Act ("FCA"), 31 U.S.C. § 3729. *See United States ex rel. McCandliss v. Sekendur*, 2007 WL 551567 (N.D. Ill. Feb. 20, 2007). The facts of the case are set out more fully in this court's February 20, 2007 memorandum opinion and will not be repeated here.

After allowing the parties time for preparation, the court scheduled a further trial to determine the amount of damages owed by the defendants. That trial was to commence on August 21, 2007. On August 20, 2007, the parties filed the "Parties' Agreement as to Elements of Damages" (Dkt. No. 236) ("Parties' Agreement"), which obviated the need for the trial on damages. Having reviewed the Parties' Agreement and having heard further from counsel in open court on August 21, 2007, the court now enters judgment in favor of Relator McCandliss

1

and the United States and against defendants Batur and Oral Sekendur[1] in the amount of $1,524,264.50.

## LEGAL STANDARD

A person found liable under the FCA, 31 U.S.C. § 3729, owes the United States ("Government") a civil penalty of not less than $5,500 and not more than $11,000 per false claim, plus 3 times the amount of damages which the Government sustains because of the act of that person. 31 U.S.C. § 3729(a); 64 Fed. Reg. 47099, 47103 (1999); *see United States ex rel. Tyson v. Amerigroup Illinois, Inc.*, 488 F.Supp.2d 719, 742 (N.D. Ill. 2007). The proper measure of damages is the difference in the market values between what the Government actually received and what it would have received but for the false claim. *United States v. Bornstein*, 423 U.S. 303, 316 n. 13 (1976)

The Relator is entitled to receive a percentage of the recovery. Where the Government chooses to intervene, the percentage is between 15 and 25 percent of the recovery depending upon the extent to which the person substantially contributed to the prosecution of the action, 31 U.S.C. § 3730(d)(1). *See U.S. ex rel. Gear v. Emergency Med. Assocs. of Ill., Inc.,* 436 F.3d 726, 727 (7th Cir. 2006). If the Government does not proceed with an action under this section,

---

[1] As stated in this court's February 20, 2007 memorandum opinion, Oral Sekendur has been barred from filing any response in any court of the Seventh Circuit by a Seventh Circuit order in *Oral Sekendur v. Dent-A-Med,* Nos. 03-3854, 03-4134, 04-4274, 05-2000 (7th Cir. Dec. 27, 2005), on appeal from case no. 00-C-7054 (N.D. Ill.), requiring him to pay $2,500 to the Seventh Circuit Clerk's Office before this court may accept filings from him in all matters except criminal cases and habeas corpus relief. Oral Sekendur still has not paid the Seventh Circuit fine. The court in its February 20, 2007 memorandum opinion found Oral Sekendur liable for violating the FCA. Because Oral Sekendur presented no evidence on damages, the court relies on the Parties' Agreement to enter judgment for damages against Oral Sekendur and Batur Sekendur, joint and severally liable.

the Relator will "receive an amount which the court decides is reasonable for collecting the civil penalty and damages." The amount shall be not less than 25 percent and not more than 30 percent of the recovery. 31 U.S.C. § 3730(d)(2); *Gear*, 436 F.3d at 727. "Such person shall also receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs. All such expenses, fees, and costs shall be awarded against the defendant." 31 U.S.C. § 3730(d)(2).

## BACKGROUND

In this case, by filing the Parties' Agreement, Relator McCandliss and defendant Batur Sekendur and the Government agree that an appropriate total judgment equals $1,524,264.50.

The parties arrived at this amount according to the Parties' Agreement as follows:

| | |
|---|---:|
| 145 false claims times $6,000 per claim | $870,000 |
| plus the funds wrongfully acquired by defendants through February 2007 of $215,718.50, trebled | $647,155.50 |
| plus the amounts wrongfully acquired by defendants after February 2007 | $7,109.00 |
| Total | $1,524,264.50 |

The parties also agree that the Relator, Glen McCandliss, should receive 30% of the funds recovered by the Government, and the Government concurs that 30% of any amounts recovered by the Government will be paid to the Relator.

## ANALYSIS

While agreeing to an appropriate total judgment amount of $1,524,264.50, defendant Batur Sekendur argues for the court to exercise its discretion, framing the issue as an analogy to

3

a punishment of restitution that a defendant cannot afford to pay, and requests a reduction in the amount of the judgment based on defendant Batur Sekendur's economic circumstances. Although Batur Sekendur bases his argument on an analogy to restitution and Government Sentencing Guideline § 5E1.1, the court understands the law of restitution in criminal sentencing not to support Batur Sekendur's argument. The Seventh Circuit has explained that a district court has discretion in scheduling the payments of restitution by the defendant based on his economic circumstances, but that the district court's discretion in scheduling does not extend to reducing the amount of restitution owed by the defendant; the defendant is still liable to pay the full amount of the restitution. *See United States v. Day*, 418 F.3d 746, 761 & n.12 (7th Cir. 2005); *see also United States v. Williams*, No. 02 C 4990, 2003 WL 21384640, *3 (N.D. Ill. June 12, 2003) ("FCA does not require an analysis of a defendant's ability to pay [and t]he statute affords no discretion with respect to the awarding of treble damages, with the one express exception, inapplicable here, relating to cooperating defendants.").

This court, however, does have discretion to decide the amount of the civil penalty within the statutory limits to enter against the defendant under the FCA. *Cook County v. United States ex rel. Chandler*, 538 U.S. 119, 133 (2003). "In determining the appropriate penalty, the court considers the totality of the circumstances, including: the egregiousness of the defendant's conduct, whether the Government suffered any actual damages, other damages that the Government may have incurred, the right of the Government to be made completely whole, and general fairness." *United States v. Rogan*, 459 F.Supp.2d 692, 727 (N.D. Ill. 2007). Here, because the parties have agreed that $6000 per claim is an appropriate civil penalty, the court accepts this amount as the penalty per claim that should be used to calculate the total appropriate damages.

Defendant Batur Sekendur also asks the court to consider imposing half of the award against each of the two defendants, Batur and Oral, to "avoid double recoveries." This step is unnecessary. The two defendants are jointly and severally liable for the judgment, which prevents any so-called "double recoveries." *See United States v. Hughes*, 585 F.2d 585 F.2d 284, 286 n.2 (7th Cir. 1978) (when two or more persons act in concert in violation of the False Claims Act, they are jointly and severally liable); *United States ex rel. Bidani v. Lewis*, No. 97 C 6502 2002 WL 31103459, *1 (N.D. Ill. Sept. 19, 2002). All parties agree that whatever amount one defendant pays to the Government toward the judgment entered in this case will be credited against the total amount of the judgment.

## CONCLUSION

After reviewing the Parties' Agreement filed on August 20, 2007 (Dkt. No. 236) and after hearing further from counsel for the parties including Government counsel on August 21, 2007, the court enters judgment in favor of the United States and Relator Glenn McCandliss and against Batur and Oral Sekendur, jointly and severally, in the amount of $1,524,264.50. The United States is directed to pay to Relator Glenn McCandliss 30% of any judgment amount recovered by the Government in this case. Relator Glenn McCandliss may file a motion for his costs and attorney fees following the procedures set forth in the Local Rule 54.3 (N.D. Ill.).

ENTER:

_____
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: August 23, 2007