IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | |
| EX. REL. GLENN MCCANDLISS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03 C 807 |
| ) | |
| BATUR SEKENDUR and ) | |
| ORAL SEKENDUR ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER DENYING DEFENDANT ORAL SEKENDUR'S REQUEST TO PROCEED IFP
[455-1] AND HIS MOTION FOR APPOINTMENT OF COUNSEL [455]

JAMES F. HOLDERMAN, District Judge:

For the reasons stated below, *pro se* defendant Oral Sekendur's request to proceed *in forma pauperis* ("IFP") [455-1] and motion for appointment of counsel [455] are denied. Mr. Sekendur's written objections to Magistrate Judge Mason's Report and Recommendation [449] shall be filed by 4/9/14. The government's reply shall be filed by 4/16/14.

STATEMENT

In 2003, Relator Glenn A. McCandliss ("McCandliss") filed a *qui tam* action alleging that defendants (and brothers) Batur Sekendur ("Batur") and Oral Sekendur ("Oral") violated the False Claims Act and defrauded the U.S. Social Security Administration. (Dkt. No. 6.) On February 20, 2007, following a bench trial, this court found the brothers jointly and severally liable, based on Batur having filed false claims for disability benefits with the Social Security Administration, and Oral having conspired with him. *See United States ex rel. McCandliss* v. *Sekendur*, No. 03 C 807, 2007 WL 551567 (N.D. Ill. Feb. 20, 2007). On August 23, 2007, this court entered a judgment in favor of the government and McCandliss and against Batur and Oral in the amount of $1,524,264.50, and directed the government to pay McCandliss 30 percent of any judgment amount it recovered. (Dkt. Nos. 239, 240, 241.) On October 4, 2007, this court awarded attorney fees and costs to McCandliss in the amount of $193,987.36. (Dkt. No. 248.)

On November 9, 2007, in an effort to collect on the judgment, the government served a citation to discover assets on Morgan Stanley Smith Barney ("MSSB"), which sought information related to Oral's accounts with the bank. That citation prompted the various parties

to file a number motions regarding the funds in Oral's MSSB accounts.[1] (*See* Dkt. Nos. 348, 378, 442.) This court referred two of those motions (Dkt. Nos. 378, 442) to Magistrate Judge Mason for a report and recommendation pursuant to Local Rule 72.1. (Dkt. No. 354.) On January 27, 2014, Judge Mason issued his Report and Recommendation to this court, with written objections to be filed within fourteen days. (Dkt. No. 449.) On February 6, 2014, this court granted Oral an extension of two months to file his objections to Judge Mason's Report and Recommendation. (Dkt. No. 454.)

On March 13, 2014, Oral filed a request to proceed IFP (Dkt. No. 455-1) and a motion for the appointment of counsel (Dkt. No. 455). Because Oral is a defendant in this case, he has no obligation to pay any court fee to proceed, but instead seeks IFP designation so that the court may appoint him counsel. Oral attached to his motions a February 27, 2013 letter from Lisa Brasch ("Brasch"), who is the Behavioral Health Director of the American Indian Health Service of Chicago and has treated Oral since January 17, 2012. (Dkt. No. 455-2.) Brasch states that Oral suffers from severe depression and "is not competent at this time to participate in his own defense." (*Id.*)

Federal courts are authorized to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1), but only "in proceedings *in forma pauperis*," *Pruitt* v. *Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). Although this decision is discretionary, the Seventh Circuit has directed the district court to follow a two-step approach, asking "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.* at 654-55.

Here, Oral's application to proceed IFP states that he is currently unemployed and has been unemployed since 2003. (Dkt. No. 455-1 ¶ 2.) Oral receives $375 per month in social security benefits and $180 per month in food stamps. (*Id.* ¶¶ 4d, 4f.) In the past twelve months, Oral also received $2,400 in loans from his mother. (*Id.* ¶ 4g.) Oral currently has $2,000 in a checking or savings account and $287,000 in his various retirement accounts. (*Id.* ¶¶ 5, 6.) Because certain retirement accounts have been seized, however, Oral only has access to $32,000 of his retirement savings. (*Id.* ¶ 6.)

In light of the foregoing figures, the court determines that Oral is not indigent and thus does not qualify for IFP status. Oral has access to $34,000, which should be sufficient to retain counsel for the remainder of his case, should he choose to do so. Because Oral's request to proceed IFP is denied, he is not eligible for the appointment of counsel and the court need not address Oral's ability to represent himself. The court notes, however, that Oral has competently represented himself in this case and his civil case, notwithstanding the assertions in Brasch's February 2013 letter.

ENTER:

/s/ James F. Holderman
JAMES F. HOLDERMAN
United States District Court Judge

Date: March 17, 2014

---

[1] The 2007 citation also prompted Oral to file a separate lawsuit against McCandliss and MSSB. On September 23, 2013, this court issued a Memorandum Opinion and Order addressing the pending motions for summary judgment and terminating the case. *See Sekendur* v. *McCandliss*, No. 11 C 8981, 2013 WL 5346453 (N.D. Ill. Sept. 23, 2013).